UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. BEDSOLE,

        Petitioner,        Case Number: 5:12-CV-13181

v.        HONORABLE JOHN CORBETT O'MEARA

STATE OF MICHIGAN,

        Respondent.
        _____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner John E. Bedsole has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner does not identify the conviction he challenges, nor does he show that he has exhausted his state court remedies. The petition, therefore, will be dismissed.

**I.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears

legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

## II.

The pending habeas petition will be dismissed under Rule 4 on two grounds. First, Petitioner fails to identify the conviction challenged in the petition or the jurisdiction in which he was charged. Petitioner argues that his counsel was ineffective because Petitioner would have fared better if he had proceeded to trial. That is the sum and substance of his argument. The Court will not guess what conviction Petitioner might be challenging and, therefore, will dismiss the petition without prejudice.

Second, Petitioner fails to satisfy his burden of demonstrating exhaustion of state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. A Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking habeas review in federal court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he has sought any review of his conviction(s) or his sentence(s) and current incarceration in the Michigan appellate courts. Petitioner should present his claims to the state courts in the first instance.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

3

encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.


                                                  s/John Corbett O'Meara
                                                United States District Judge

Date: July 26, 2012

I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, July 26, 2012, using first-class U.S. mail.

                                                  s/William Barkholz
                                                Case Manager